UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Joonsung Park and Jinbum Kim<br>On behalf of themselves and all other Plaintiffs similarly situated known and unknown<br><br>                    Plaintiffs,<br>   v.<br><br>Freehold Healthcare, LLC. dba Happy Home Adult Day Care, Junghoon Shin, and Robert Notte<br><br>          Defendants. | Index No. 18-cv-11306<br><br><br>**COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

   Plaintiffs, Joonsung Park and Jinbum Kim, through their attorneys, for their Complaint against Freehold Healthcare, LLC. d/b/a Happy Home Adult Day Care, Junghoon Shin and Robert Notte ("Defendants"), state as follows:

### NATURE OF PLAINTIFFS' CLAIMS

1.      This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et. seq.* ("FLSA"), and New Jersey Wage Payment Law, N.J.S.A. §§ 34:11-4.1 *et seq.*; the New Jersey Wage and Hour Law, N.J.S.A. §§ 34:11-56a *et seq.*; and the New Jersey Wage and Hour Regulations, N.J.A.C. §§ 12:56 *et seq.* for Defendants' failure to pay overtime compensation to Plaintiffs. During the course of their employment by Defendants, Plaintiffs regularly worked more than eight (8) hours per day and over forty (40) hours per week. Defendants did not pay Plaintiffs overtime compensation. Plaintiffs further allege that Defendants' failure to pay overtime wages was willful and intentional.

1

## THE PARTIES

2.      Plaintiffs were at all times relevant hereto employees of Defendants.

3.      Plaintiffs were at all times relevant hereto individuals employed in the State of New Jersey by Defendants.

4.      Plaintiffs had at all times relevant hereto resided in the State of New Jersey.

5.      Plaintiffs were at all times relevant hereto non-exempt employees within the meaning of the FLSA, NJSA and NJAC and the implementing rules and regulations of the FLSA and NJSA.

6.      Plaintiffs are filing this FLSA claim as an individual action for themselves as well as on behalf of all other Plaintiffs similarly situated known and unknown.

### Joonsung Park

7.      Plaintiff Joonsung Park was hired by Defendants as an assistant activity manager in April 2015.

8.      For the period commencing from about April 2015, until December 1, 2017, Plaintiff Joonsung Park ("Park") regularly and customarily at the specific instructions and demand of Defendants actually performed work for Defendants over eight (8) hours per day and over forty (40) hours per week.

9.      Plaintiff was initially paid $12.00 per hour and he was paid overtime wage as well until his hourly rate was raised to $20.00. When his hourly rate became $20.00, Defendants started not to pay Plaintiff his overtime wage.

10.     On about November 2016, Park was promoted to an activity manager and his hourly rate reached $30.00.

11. Plaintiff was responsible for coordinating and implementing events and programs of the center.

12. Park usually started his work at 9:00 am and ended at 7:00 pm for 5 days a week but occasionally he worked from 6 a.m. until 8 p.m., when an event was in the center. Sometimes he needed to work on Saturdays as well, but he was not paid proper overtime wage.

13. On several occasions, the company paid a paycheck to Park as if he had worked on Saturday even though he did not work and then asked Park to return unearned portion of the wage in cash back to Defendant Shin.

14. Park witnessed that almost all the other employees did not receive overtime pay because the company either manipulated the records or prevented its employees from recording accurate time information.

15. Park regularly worked more than 40 hours a week and was never paid the proper amount of overtime wages.

### Jinbum Kim

16. Plaintiff Jinbum Kim ("Kim") was hired around May 2016 by Defendants as a shuttle driver.

17. For the period commencing on or about May 2016, until October 9, 2016, Kim regularly and customarily at the specific instructions and demand of Defendants actually performed work for Defendants eight (8) hours per day and over forty (40) hours per week.

18. He was responsible to pick up their clients and to drive them back to their homes after activities.

19. Initially, Kim was paid at the hourly rate of $12.00 per hour but soon his hourly rate was raised to $15.00 from June 20, 2016.

20. Plaintiff submitted his timesheets every month. Defendants paid him bi-weekly basis.

21. But Defendants never paid Kim all of the hours that he submitted. Defendants always paid him less than the actual hours plaintiff worked.

22. Kim usually started his work at 6:30 am and ended at 2:30~3:30 pm for 5 days a week. But sometimes he worked until 5~7 p.m. when they had events or field trips.

23. Kim regularly worked more than 40 hours a week and was never paid the proper amount of overtime wages.

## Parties

24. Plaintiffs performed manual labor for Defendants.

25. Plaintiffs were assigned to the said manual labor by Defendants.

26. Plaintiffs were not required to possess any specialized skills in order to do the assigned work for Defendants.

27. Plaintiffs did not have to supply their own tools and equipment in connection with their work for Defendants.

28. Plaintiffs were required to report to work for Defendants at a certain time.

29. Plaintiffs could not set their own hours of work for Defendants.

30. Defendants are and were at all relevant times hereto engaged in the business of Adult Day Care center.

31. Defendant Freehold Healthcare, LLC. is and was at all relevant times hereto engaged in the interstate commerce.

32. Defendants, Junghoon Shin and Robert Notte managed, supervised, established and administered the terms and conditions of Plaintiff's employment.

33. Defendants, Junghoon Shin and Robert Notte participated in and approved of the unlawful pay practices of the business at Paterson in New Jersey.

34. Defendants, Junghoon Shin and Robert Notte were involved in assigning work to Plaintiffs.

35. Defendants, Junghoon Shin and Robert Notte had the power and authority to discipline Plaintiffs.

36. Defendants, Junghoon Shin and Robert Notte exercised authority over the terms and conditions of Plaintiffs' employment and how much and the manner in which Plaintiffs were paid.

37. Defendants, Junghoon Shin and Robert Notte hired Plaintiffs.

38. Defendants, Junghoon Shin and Robert Notte were in charge of paying employees.

39. Defendants, Junghoon Shin and Robert Notte told Plaintiffs where to work and when to work.

40. Defendants employed Plaintiffs to do work for them in the States of New Jersey, New York.

41. Defendants, during all relevant times, were subject to the FLSA due to the nature of their business and revenues earned.

42. Defendants provided the tools and equipment and materials for Plaintiffs to do their job with Defendants.

43. Defendants held Plaintiffs out as employees.

44.     Defendants employed and paid Plaintiffs as their employees.

45.     Defendants are employers within the meaning of the term of the Fair Labor Standards Act, 29 U.S.C. § 203(d), and the N.J.S.A.

46.     No exemption from overtime wages applied to Plaintiffs' employment with Defendants.

47.     Defendants never obtained legal advice or counsel that their overtime pay practices and/or policies were compliant with state and federal wage-hour laws.

48.     Defendants never obtained any written guidance from the U.S. Department of Labor concerning their pay practices and policies.

49.     No exemption from overtime applies or applied to Plaintiffs when they worked more than 40 hours in a workweek for Defendants.

50.     Defendants failed to pay Plaintiffs overtime premium for all hours worked in excess of 40 hours per workweek.

51.     Defendants' failure to pay Plaintiffs at the proper overtime rate was intentional and willful.

52.     Defendant Freehold Healthcare, LLC. d/b/a Happy Home Adult Day Care is a New Jersey limited liability company and is an enterprise as defined by in Section 3(r)(1) of the FSLA, 29 U.S.C. §203(r)(I), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of FLSA 29 U.S.C. §203(s)(1)(A).

53.     Upon information and belief, Freehold Healthcare, LLC. has been, at all relevant times, an enterprise engaged in commerce within the meaning of FLSA in that it (i) had employees engaged in commerce or in the production of goods for commerce and handling, selling or otherwise working on goods or materials that have been moved in or

produced for commerce by any person; and its (ii) annual gross volume of sales or business is not less than $500,000.

54.     Upon information and belief, Defendant Freehold Healthcare, LLC. , at all relevant times, was an employer as defined by FLSA and N.J.S.A.

55.     Defendants, Junghoon Shin and Robert Notte are citizens and residents of State of New Jersey and are the manager and the President, respectively, of Defendant Freehold Healthcare, LLC.

## FLSA 216 (b) Collective Action Allegation

56.     Upon information and belief, defendants have also hired and fired more than 100 employees who performed the same or similar work as the Plaintiffs did during about 2 ½ (two and a half ) years.

57.     All of the named Plaintiffs held the same position, namely, shuttle drivers and day care activity worker.

## JURISDICTION AND VENUE

58.     This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 29 U.S.C. § 216(b). Venue is proper in this judicial district as the facts and events giving rise to Plaintiffs' claims occurred in this judicial district. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C § 1367.

## COUNT I
### Violation of the Fair Labor Standards Act -Overtime Wages

59.     All allegations of the Complaint are expressly incorporated herein and Plaintiffs repeat and reallege each and every allegations set forth in this Complaint as though set forth fully at length herein.

60.     This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. §201. *et. seq.*

61.     During their employment for Defendants, Plaintiffs Joonsung Park and Jinbum Kim regularly and customarily at the specific instructions and demand of Defendants actually performed work for Defendants in excess of eight (8) hours per day and forty (40) hours per week.

62.     Plaintiffs regularly worked more than 40 hours a week and were never paid the proper amount of overtime wages.

63.     This Court has jurisdiction to hear this Count pursuant to 29 U.S.C. §216(b) and venue is proper in this judicial district.

64.     During the course of their employment by Defendants, Plaintiffs were not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. §207.

65.     Plaintiffs were directed by Defendants to work and did so work, in excess of forty (40) hours per week.

66.     Pursuant to 29 U.S.C. §207, for all weeks, during which Plaintiffs worked in excess of forty (40) hours, Plaintiffs were entitled to be compensated at a rate of one and one-half times their regular rate of pay.

67.     Defendants did not compensate Plaintiffs at a rate of one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours in individual workweeks.

68.     Defendants' failure and refusal to pay overtime premium at one-half times Plaintiffs' rate of pay for hours worked in excess of forty (40) hours per week was a

violation of the Fair Labor Standards Act, 29 U.S.C. §207.

69. Defendants willfully violated the Fair Labor Standards Act by refusing to pay Plaintiffs overtime wages for hours worked in excess of forty (40) hours per week.

**WHEREFORE**, Plaintiffs, on behalf of themselves, and the FLSA collective plaintiffs, respectfully request that this court enter an order providing the following relief:

a) Authorizing Plaintiffs at the earliest possible time to give notice of this collective action, or that the court issue such notice, to all persons who are presently, or have been employed by defendants as non-exempt tipped or non-tipped employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied proper hourly compensation and premium overtime wages;

b) Certification of this case as a collective action pursuant to FLSA;

c) Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiffs and their counsel to represent the Collective Action Members;

d) judgment in the amount of one-half times Plaintiffs' regular rate for all hours which Plaintiffs worked in excess of forty (40) hours per week;

e) Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

f) Reasonable attorney's fees and costs incurred in filing this action; and

g) Such other and further relief as this Court deems appropriate and just.

## JURY TRIAL

A jury trial is demanded on all Counts.

Respectfully submitted,

Dated: July 2, 2018

  /s/ Ryan Kim
Ryan J. Kim

Ryan Kim Law
163-10 Northern Blvd. Suite 205
Flushing, NY 11358
Attorney for Plaintiffs